UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Grownsy International LLC,<br><br>              *Plaintiff*,<br><br>   v.<br><br>Tushbaby, Inc.,<br><br>             *Defendant*. | **CASE NO.** 1:24-cv-8278<br><br>**Jury Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Grownsy International LLC ("Plaintiff" or "Grownsy"), against Defendant Tushbaby, Inc ("Defendant" or "Tushbaby"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment seeking relief under the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, and Federal Rule of Civil Procedure 57, that Plaintiff has not infringed any alleged right of Defendant's trade dress U.S. Registration No. 7,489,071 (the "Tushbaby Trade Dress" or "071 Registration"), directly, contributorily, or vicariously.

2. A case or controversy exists under the Federal Declaratory Judgment Act because Defendant has demanded that Plaintiff stop selling, importing its Baby Hip Seat Carrier Products on the ground that these products infringe Defendant's Tushbaby Trade Dress.

///

## THE PARTIES

3. Plaintiff, Grownsy International LLC, is a Limited Liability Company located at 2310 PARKLAKE DR NE STE 477 UNIT G21 ATLANTA, GA 30345.

4. Upon information and belief, Defendant Tushbaby, Inc is a corporation incorporated under the laws of California with its principal address at 1990 N. California Blvd, 8th Floor, Walnut Creek, CA 94596.

## JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Trademark Law of the United States.

6. An actual case or controversy exists between the parties to this action. Defendant has asserted in writing that Plaintiff has been and still is engaging in acts of trade dress infringement and demanded Plaintiff to stop using selling the Baby Hip Seat Carrier Products. The Circumstances show that there is a substantial controversy between Plaintiff and Defendant.

7. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon store and their own website <https:/www.tushbaby.com/>. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois. Defendant is engaging in interstate commerce and has wrongfully accused Plaintiff of infringement in the United States, including Illinois.

Defendant's acts would maintain the cloud of litigation over Plaintiff's business and also impact Plaintiff's sales in this District.

## FACTTUAL BACKGROUND

8. Plaintiff is mainly in the business of selling baby care products, such as Baby Hip Seat Carrier, Baby Bottle Warmer, Baby Nasal Aspirator, via its website, <https://grownsy.com/>.

9. Plaintiff sells these baby case products under the trademark GROWNSY.

10. Upon information and belief, Defendant is in the business of selling the baby hip seat carrier products.

11. In August 2024, Plaintiff received a cease-and-desist letter, titled "Unauthorized use of Tushbaby, Inc.'s Intellectual Property," sent by the Defendant.

12. Defendant accused Plaintiff of selling hip seat baby carriers that infringe its registered trade dress, U.S. Registration No. 7,489,071. Defendant requested Plaintiff immediately discontinue use and cease further sale and importation of the Baby Hip Seat Carrier Products. Defendant also requested Plaintiff promise not to sell any waist stool belt bags, hip seat carriers, hip carrier belt bags, or any similar products in the future, and to pay Defendant compensation.

13. Defendant further threatens Plaintiff that they will file a federal lawsuit for trade dress infringement against Plaintiff if it does not receive a response from Plaintiff.

14. Upon information and belief, Defendant also sent similar cease-and-desist letters to Plaintiff's business partners.

15. Upon information and belief, Defendant has filed over 20 federal infringement lawsuits against numerous baby hip seat carrier products competitors in federal court in 2024.

16. The Tushbaby Trade Dress was registered on August 27, 2024. *See* Exhibit A. The certificate of the alleged Tushbaby Trade Dress shows the mark consists of a three-dimensional

configuration of a pocket and a flap, as shown below.



17. However, Plaintiff's Baby Hip Seat Carrier Products are dissimilar from Tushbaby Trade Dress and is implausible to cause any confusion to consumers.

18. Defendant's acts as set forth herein were willful, deliberate, and intentional and were intended to damage Plaintiff and its business and to stifle competition.

19. Defendant's acts as set forth herein have caused, and unless restrained by the Court, will continue to cause sales of Plaintiff's Baby Hip Seat Carrier Products to be lost and/or diverted to Defendant.

20. Upon information and belief, Defendant is thereby unjustly enriching itself at the expense of, and to the damage and injury of Plaintiff in an amount to be determined at trial, including but not limited to lost sales of its Baby Hip Seat Carrier Products. Furthermore, Defendant has irreparably harmed Plaintiff and caused Plaintiff to suffer a substantial loss of goodwill and reputation, and such harm will continue unless Defendant is enjoined by this Court.

## COUNT I
**(Declaration of Non-infringement of U.S. Registration No. 7,489,071)**

21. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

22. This claim arises from an actual and justiciable controversy between the parties regarding whether Plaintiff's selling of its Baby Hip Seat Carrier Products infringes on the Tushbaby Trade Dress.

23. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy from which Defendant's accusations have precipitated, Plaintiff is entitled to declaratory judgment that it does not infringe the Tushbaby Trade Dress.

24. Plaintiff's Baby Hip Seat Carrier Products and the Tushbaby Trade Dress are completely different. First, the product label on the Plaintiff's Baby Hip Seat Carrier Product is located on the pocket, unlike the Tushbaby Trade Dress, which is on the flap, and Plaintiff displays its own distinguished trademark on its products. The contours of Plaintiff's Baby Hip Seat Carrier Products are also different: the front pocket of Plaintiff's Baby Hip Seat Carrier Products has a completely flat arch at the bottom, while the flap of the Tushbaby Trade Dress is noticeably wider than the pocket below, and the bottom of the pocket also has a distinct curve. Additionally, Plaintiff's Baby Hip Seat Carrier Products feature an arched zipper outlining the pocket, whereas the Tushbaby Trade Dress does not include a zipper.



25. Thus, there cannot be any likelihood of confusion between Plaintiff's Baby Hip Seat Carrier Products and Tushbaby Trade Dress.

26. Therefore, Plaintiff seeks a declaratory judgment from this Court that Plaintiff has not infringed the Tushbaby Trade Dress, or otherwise create any likelihood of confusion under the Lanham Act, 15 U.S.C. §§ 1114-1118 and 1125 and at common law.

## COUNT II
**(Declaration of Invalidity and Order of Cancellation of U.S. Registration No. 7,489,071)**

27. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

28. This claim arises from an actual and justiciable controversy between the parties regarding whether the Tushbaby Trade Dress is valid and should be cancelled.

29. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy from which Defendant's accusations have precipitated, Plaintiff is entitled to declaratory judgment that the Tushbaby Trade Dress is invalid and should be cancelled.

30. In fact, the purported Tushbaby Trade Dress is not a "trademark" within the meaning of 15 U.S.C. § 1127. That is, the purported Tushbaby Trade Dress does not function as a source identifier for baby hip seat carrier products.

31. The purported Tushbaby Trade Dress depicted and described in the 071Registration is not a "symbol" or a "device" used "on" or "in connection with" "goods" within the meaning of 15 U.S.C. § 1125(a)(1), but rather each consists of a feature of "goods" sold by Defendant.

**Functionality**

32. It is well-recognized in the Seventh Circuit that an alleged trade dress is functional where "[a]ll of the claimed features are functional" and "none was added to produce a distinctive

appearance that would help consumers identify the product's source." *Specialized Seating, Inc. v. Greenwich Indus.*, LP, 616 F.3d 722, 728 (7th Cir. 2010).

33. The shape of the Tushbaby Trade Dress depicted and described in the 071 Registration is functional in that (a) it is purely functional to provide additional storage space; (b) its shape, size and thickness are more or less shaped in order to be suitable for front design of the product; (c) its positioning and size of the baby hip seat carrier product is within narrow parameters for compatibility with the product to provide maximum storage space.

34. These functional specifications are required for providing the baby hip seat carrier product with more storage space, and for this reason, these functional aspects also greatly affect the cost and quality of the products in question.

35. The purported Tushbaby Trade Dress consists of patentable features.

36. Many competitors of Defendant around the world manufacture and sell baby hip seat carrier products that are in the shape of the front pocket depicted and described in the Tushbaby Trade Dress.

37. Upon information and belief, Defendant's marketing materials also contain statements that emphasize the utilitarian benefits of pocket.

38. Thus, the Tushbaby Tradre Dress is invalid for functional and should be cancelled.

**Lack of Secondary Meaning**

39. Product design trade dress could never be inherently distinctive and always required proof of secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 212 (2000). The Tushbaby Trade Dress claims for a product design consists of a three-dimensional configuration of a pocket and a flap, must prove the secondary meaning.

40. "A mark acquires secondary meaning when it has been used so long and so exclusively by one company in association with its products . . . in that particular industry that the [mark] has come to mean that those products . . . are the company's trademark." *Box Acquisitions, LLC v. Box Packaging Prods., LLC*, 32 F. Supp. 3d 927, 935 (N.D. Ill. 2014).

41. Even Defendant has acquired a certificate of registration for the Tushbaby Tradre Dress, it did not submit any consumer survey to the Patent and Trademark Office ("PTO") to show the alleged Tushbaby Tradre Dress has acquired secondary meaning.

42. As contended by Defendant, it just sold the baby hip seat carrier for six years (from 2018-2024). It is not sufficient to establish secondary meaning.

43. Upon information and belief, Defendant has never had any "look for" advertising for its Tushbaby Tradre Dress and there is no evidence can indicate that consumers associate the asserted Tushbaby Tradre Dress with a particular source.

44. Upon information and belief, the design claimed in the Tushbaby Tradre Dress is merely a common product configuration. There are many third parties using the similar design for the pockets.

45. Thus, the Tushbaby Tradre Dress is invalid and should be cancelled for lacking secondary meaning.

**Fraud**

46. Defendant obtained the registered Tushbaby Tradre Dress fraudulently, through knowing misrepresentations to the PTO, with intent to deceive.

47. During the prosecution of the Tushbaby Tradre Dress, Defendant alleged that the Tushbaby Tradre Dress design is not functional. However, as stated herein above, the Tushbaby Tradre Dress design is functional.

48. Defendant also alleged that there are alternative product designs to competitors, which is also knowingly false. Due to the functional specifications required for additional front pocket and storage space, there are no economically feasible alternative designs available for the pocket design.

49. None of the alleged alternative product designs has double front pockets to provide additional storage space. Thus, the Tushbaby Tradre Dress should be cancelled.

50. Plaintiff is and has been damaged in its business by Defendant's acts.

51. An actual controversy exists between Plaintiff and Defendant regarding whether the Tushbaby Tradre Dress, is protectable as a trademark under the Lanham Act or under common law.

52. Plaintiff is entitled to a declaration judgment that the Tushbaby Tradre Dress is invalid under Lanham Act and common law, and an order of cancellation of the Tushbaby Tradre Dress, for reason of any one of the above reasons as outlined by the Lanham Act.

## COUNT III
### (Unfair Competition)

53. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

54. Defendant's unlawful acts as set forth above constitute violations of the common law of the State of Illinois with respect to unfair competition.

55. As set forth above, Defendant obtained the registered Tushbaby Tradre Dress fraudulently, through knowing misrepresentations to the PTO, with intent to deceive.

56. Upon information and belief, Defendant also intentionally, unjustifiably, and maliciously stating to customers, prospective customers and suppliers that its baby hip seat carrier product has protectable trade dress, and Plaintiff's products infringed that purported trade dress.

57. Defendant's acts as set forth above were willful, deliberate, and intentional and were intended to damage Plaintiff and its business and to stifle competition.

58. Defendant's unlawful acts have caused and continue to cause irreparable harm to Plaintiff's business and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that the importation, manufacturing, marketing, distribution, sale, and/or any other form of commercial use of the Baby Hip Seat Carrier Products do not infringe the Tushbaby Tradre Dress U.S. Registration No. 7,489,071;

B. Declaring that the Tushbaby Tradre Dress U.S. Registration No. 7,489,071, is invalid;

C. Ordering cancellation of the U.S. Registration No. 7,489,071;

D. Awarding Plaintiff recover its costs and reasonable attorneys' fees incurred in this action from Defendant;

E. Awarding Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F. Awarding pre- and post- judgment interest; and

G. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Date: September 11, 2024   /s/ Wei Wang
                           Wei Wang, Esq.
                           GLACIER LAW LLP

41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
332-777-7315

Tao Liu, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Tao.liu@glacier.law
***Attorney for Plaintiff***